FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 30 '2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-CR-001-JAD-(CWH) |
| Plaintiff, | |
| v. | Preliminary Order of Forfeiture |
| LORENZO RAMON SALA MOURA, a/k/a "Lorenzo Mour," a/k/a Lorenzo Ramon Moura Sala Mala Vila, | |
| Defendant. | |

This Court finds that defendant Lorenzo Ramon Sala Moura, a/k/a "Lorenzo Mour," a/k/a Lorenzo Ramon Moura Sala Mala Vila, pled guilty to Count One of a Forty-Seven Count Criminal Indictment charging him in Count One with Conspiracy to Commit Fraud and Related Activity in Connection with Access Devices in violation of Title 18, United States Code, Sections 371, 1028A(a)(1), 1029(a)(1), (a)(2), (a)(3), (a)(4), 1029(b)(2), 1546(a), 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h). Criminal Indictment, ECF No. 1; Change of Plea, ECF 208 ; Plea Agreement, ECF No. 209.

This Court finds defendant Lorenzo Ramon Sala Moura, a/k/a "Lorenzo Mour," a/k/a Lorenzo Ramon Moura Sala Mala Vila, agreed to the forfeiture of the property and the imposition of the in personam criminal forfeiture money judgment set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Indictment. Criminal Indictment, ECF No. 1; Change of Plea, ECF 208; Plea Agreement, ECF No. 209.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Indictment and the offenses to which defendant Lorenzo Ramon Sala Moura, a/k/a "Lorenzo Mour," a/k/a Lorenzo Ramon Moura Sala Mala Vila, pled guilty.

The following property and money judgments are (1) any personal property used or intended to be used to commit the violations of Title 18, United States Code, Section 1029(a)(1), (a)(2), (a)(3), (a)(4), and 1029(b)(2); (2) any property, real or personal, involved in violations of Title 18, United States Code, Section 1956(a)(1)(A)(i) and (a)(1)(B)(i) and Title 18, United States Code, Section 1956(h), or any property traceable to such property; (3) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of violations of Title 18, United States Code, Section 1029(a)(1), (a)(2), (a)(3), and (a)(4) or Title 18, United States Code, Section 1029(b)(2), conspiracy to violate; (4) any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of violations of Title 18, United States Code, Section 1546(a), or Title 18, United States Code, Section 371, conspiracy to violate; (5) any property real or personal that is used to facilitate, or is intended to be used to facilitate, the commission of violations of Title 18, United States Code, Section 1546(a), or Title 18, United States Code, Section 371, conspiracy to violate; (6) any property, real or personal, involved in transactions or attempted transactions in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and (a)(1)(B)(i) and Title 18, United States Code, Section 1956(h), or any property traceable to such property; and (7) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1029(a)(1), (a)(2), (a)(3), and (a)(4), or Title 18, United States Code, Sections 1546(a), 1956(a)(1)(A)(i), and (a)(1)(B)(i), specified unlawful activities as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or Title 18, United States Code, Sections 371, 1956(h), or 1029(b)(2), conspiracy to commit such offenses,

and are subject to forfeiture pursuant Title 18, United States Code, Section 1029(c)(1)(C) and 1029(c)(2); Title 18, United States Code, Section 982(a)(1); Title 18, United States Code, Section 982(a)(2)(B); Title 18, United States Code, Section 982(a)(6)(A)(ii)(I) and 982(a)(6)(B); Title 18, United States Code, Section 982(a)(6)(A)(ii)(II) and 982(a)(6)(B); Title 18, United States Code, Section 981(a)(1)(A) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p).

1. a computer with credit card fabricating software installed;
2. a card scanner/encoder;
3. a Fargo thermal dye printer;
4. an embossing machine;
5. a foil tipping machine;
6. blank card stock;
7. an embossing machine;
8. components and printer rollers for Fargo thermal dye printers;
9. a card slot reading device;
10. a purported American Express credit card ending in 35013 and in the name "Andre Rodrigues" and any and all funds contained therein;
11. a purported Caixa Economica Federal Visa credit card ending in 0397 and in the name of "Bruno Santos" and any and all funds contained therein;
12. a purported American Express card ending 11005 and in the name of "Bruno Santos" and any and all funds contained therein;
13. a credit and debit card skimming device designed to overlay terminal card readers and capture account information;
14. a purported MasterCard ending in 7505 and in the name of "Hugo B. Garces" and any and all funds contained therein;

3

15. a Fargo thermal dye printer and spare parts;
16. an MSR 605 credit card encoder/scanner;
17. an MSR 6X credit card encoder/scanner;
18. a credit card skimming device;
19. an embossing machine;
20. a foil tipping machine;
21. a laptop computer with software capable of producing credit and debit cards;
22. a legal permanent resident card in the name of "Marcelo Araujo," containing A # XXX-XXX-521;
23. a social security card in the name of "Marcelo Araujo," containing SSN XXX-XX-2653;
24. a computer with credit card fabricating software installed;
25. a card scanner/encoder;
26. thermal dye printer;
27. an embossing machine;
28. a foil tipping machine;
29. blank card stock;
30. a purported Santander Bank credit card ending in 0521 and any and all funds contained therein;
31. a purported Green Dot Visa debit card ending in 7809 and any and all funds contained therein;
32. a computer with credit card fabricating software installed;
33. a card scanner/encoder;
34. a thermal dye printer;
35. an embossing machine;
36. a foil tipping machine;

37. tipping foil;

38. credit card logo holograms; and

39. blank card stock

(all of which constitutes property)

and an in personam criminal forfeiture money judgment of $76,000, and that the property will not be applied toward the payment of the money judgment.

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States recover from Lorenzo Ramon Sala Moura, a/k/a "Lorenzo Mour," a/k/a Lorenzo Ramon Moura Sala Mala Vila, an in personam criminal forfeiture money judgment of $76,000.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest of Lorenzo Ramon Sala Moura, a/k/a "Lorenzo Mour," a/k/a Lorenzo Ramon Moura Sala Mala Vila, in the aforementioned property is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to

adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED this 30th day of August, 2017.

_____
UNITED STATES DISTRICT JUDGE